IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ROLANDO GOMEZ, <br> a/k/a Roland Jesus Gomez, <br> <br> Petitioner, <br> <br> v. <br> <br> LORIE DAVIS, Director, <br> Texas Department of Criminal Justice, <br> Correctional Institutions Division, <br> <br> Respondent. | §§§§§§§§§§§§§§ | 2:19-CV-170-M |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## TO DENY PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner, an inmate incarcerated at the Clements Unit in Potter County, Texas, has filed with this Court a *Petition for a Writ of Habeas Corpus by a Person in State Custody* challenging three (3) prison disciplinary rulings. Petitioner's federal habeas application should be denied.

In order to challenge a prison disciplinary adjudication by way of a federal petition for a writ of habeas corpus, a petitioner must, at a minimum, be eligible for mandatory supervised release **and** have received a punishment sanction that included forfeiture of previously accrued good-time credits. *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000). In response to Question 16 of his amended habeas application, petitioner acknowledges he is not eligible for release on mandatory supervision. [ECF 6 at 2]. In his original habeas application, petitioner indicated he is currently serving a 3-year sentence for his March 28, 2017 conviction of the offense of evading arrest or detention with a vehicle. [ECF 3 at 2]. Review of the online Offender Information Detail maintained by the Texas Department of Criminal Justice confirms petitioner's

representations and provides his evading arrest offense date was January 21, 2017, but also reflects petitioner was previously convicted of the offense of robbery and assessed a 6-year sentence. "The statute in effect when the holding offense is committed determines an inmate's eligibility for release on mandatory supervision." *Ex parte Thompson*, 173 S.W.3d 458, 459 (Tex.Crim.App. 2005). On January 21, 2017, the date of petitioner's evading arrest offense, the Texas mandatory supervision statute stated an inmate may not be released to mandatory supervision if the inmate has been previously convicted of the felony offense of robbery. *See* Texas Gov't Code § 508.149 (a)(11) (2017). As petitioner had been previously convicted of the offense of robbery when he committed his current holding offense of evading arrest, he is not eligible for release to mandatory supervision. As petitioner is not eligible for mandatory supervised release, he may not challenge a prison disciplinary proceeding by way of a federal petition for a writ of habeas corpus. *See Malchi*, 211 F.3d at 958. Petitioner's habeas application must be DENIED.

Moreover, it appears petitioner did not receive a punishment sanction that included forfeiture of previously accrued good-time credits. In his amended habeas application, in response to Question 18 of the form, petitioner indicated he lost previously earned good-time days as a result of the disciplinary proceeding. [ECF 6 at 2]. However, when instructed to provide the exact number of previously earned good-time days that were forfeited by the disciplinary hearing officer as a result of his disciplinary hearings, petitioner indicated, "6 months Line Class G4/ status L3W." [*Id*.] Petitioner also identified all other punishment imposed as "demoted to line III, custody raised to G4, 45 days commissary restriction, 45 [days] rec. restriction." Petitioner's responses appear to indicate no previously earned good-time days were forfeited as punishment for the disciplinary infractions.

As the law in the Fifth Circuit currently stands, petitioner did not receive a punishment sanction that included the forfeiture of **previously accrued** good time credits; thus, petitioner cannot receive federal habeas corpus relief. The punishment petitioner indicates was assessed in the disciplinary proceeding, including recreation and commissary restrictions, as well as the demotion in Line Class and the increased custody level, only constituted changes in the conditions of his confinement and did not implicate the Due Process Clause of the United States Constitution as required for review in a federal habeas corpus proceeding. *See Sandin v. Conner*, 515 U.S. 472, 478 (1995); *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997). Petitioner's habeas application must be DENIED.

## RECOMMENDATION

It is the RECOMMENDATION of the undersigned United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner ROLANDO GOMEZ a/k/a Roland Jesus Gomez be DENIED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED September 6, 2019.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## *** NOTICE OF RIGHT TO OBJECT ***

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).